HON. MICHAEL ROTH Chairman, New York State Liquor Authority
This is in response to the request on behalf of the members of the Liquor Authority by Mr. Warren Pesetsky, Counsel to the Authority as to whether or not the Authority may continue to ask applicants for licenses whether or not they have ever been arrested.
You direct my attention to that part of the Human Rights Law contained in Executive Law, § 296, subd. 14, which became effective on September 1, 1976 and reads in part as follows:
 "It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual * * *."
Section 110 of the Alcoholic Beverage Control Law sets forth certain information which must be furnished in any application for a license under such law. This required information does not include arrests which were not followed by conviction. However, the Authority is permitted to request "such other information as the Liquor Authority may determine" of an applicant for a license. You indicate that the Authority has historically relied on this provision as a basis for requesting information on prior arrests. You question whether that provision which permits the Authority to request other information falls within the exception contained in Executive Law, § 296, subd. 14, which allows the request of arrest information if "specifically required or permitted by statute."
Executive Law, § 296, subd. 14, was enacted as part of a comprehensive scheme designed to protect the rights of individuals against whom criminal charges have been brought, but which did not ultimately result in a conviction. Included in the package is Criminal Procedure Law, § 160.50 which provides for the sealing and return of records and Criminal Procedure Law, § 160.60 which declares the arrest and prosecution a nullity and restores the accused to his status prior to arrest.
In view of the legislative objective, it appears that the exception contained in Executive Law, § 296, subd. 14, was intended to be narrow. In order to allow the request of arrest information, a statute must specifically require or specifically permit such a request. The adverb "specifically" must be applied to both words in order to fully implement the legislative objective. It appears that the choice of the two words "require" and "permit" was only intended to cover two types of statutes, those which are mandatory and those which are discretionary. Thus, section 110 of the Alcoholic Beverage Control Law which permits the Authority to request other information does not fall within the exception which allows the request of arrest information if "specifically required or permitted by statute."
An interpretation of the Human Rights Law must be governed by the philosophy as stated by the Court of Appeals, in regard to sexual discrimination, in Schenectady v. State Division of Human Rights (37 N.Y.2d 421, 428 [1975]):
 "* * * it is the duty of courts to make sure that the Human Rights Law works and that the intent of the Legislature is not thwarted by a combination of strict construction of the statute and a battle of semantics * * *"
In view of the above, I conclude that the state Liquor Authority may not ask applicants for a license whether or not they have ever been arrested but may ask only about pending arrests or arrests which have not been followed by a termination in favor of the applicant.